**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM THOMAS BEANE, #1362674,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:10-CV-1012-B** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The court has not issued process in this case, pending preliminary screening.

Statement of the Case: On March 29, 2006, Petitioner was convicted of aggravated sexual assault and was sentenced to sixty-five years imprisonment. *State v. Beane*, No. F05-50820-UV (292nd Dist. Ct., Dallas County, 2006). His conviction and sentence were affirmed on direct appeal. *Beane v. State*, No. 05-06-00596-CR (Tex. App. – Dallas, Jul. 11, 2007, pet ref.). Thereafter, Petitioner filed a state habeas application, pursuant to art. 11.07, Texas Code of

Criminal Procedure, in the convicting court.  While the application was pending in state court, Petitioner unsuccessfully sought federal habeas relief in this court.  *See Beane v. Quarterman*, 2009 WL 2252060, No. 3:09-CV-0940-O (N.D. Tex. Jul. 27, 2009) (dismissing federal habeas petition as barred by the one-year statute of limitations, and denying petitioner's request to stay action pending exhaustion of state remedies), *appeal dismissed as untimely*, No. 09-10884 (5th Cir. Apr. 8, 2010).

In the present action, Petitioner again seeks to challenge his aggravated sexual assault conviction, raising the same eight grounds for habeas relief raised in No. 3:09cv0940-O.

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.  *See* 28 U.S.C. § 2244(b).  The AEDPA instructs the court to dismiss any "claim presented in a second or successive habeas corpus application" if the petitioner presented the claim in a previous application.  *See* 28 U.S.C. § 2244(b)(1).  The eight claims that Petitioner seeks to raise in this habeas action were presented and dismissed as time barred in his initial federal petition.  *See Beane*, 2009 WL 2252060, at 1 (Findings, Conclusions and Recommendation filed on June 15, 2009).  The federal petition is, therefore, "second or successive" under the AEDPA, and should be dismissed.  *See In re Flowers*, 595 F.2d 204, 205 (5th Cir. 2009) (per curiam) (declining to consider claims to the extent they were raised in first § 2254 application dismissed as time barred); *In re Brown*, 457 F.3d 392, 395 (5th Cir. 2006) (same).[1]

---

[1]        Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions.  *See In re Flowers*, 595 F.2d 204, 205 (5th Cir. 2009) (per curiam).

To the extent Petitioner seeks to raise new claims, his petition should also be dismissed. To raise a new claim under the AEDPA, the petitioner must show that the successive application is based on:  (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that § 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition).  *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing the court to consider a successive petition.  Therefore, the petition should be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive petition in the Fifth Circuit pursuant to § 2244(b)(3)(A).  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out requirements for filing motion seeking authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus
be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a
motion for leave to file a second or successive habeas petition in the United States Court of
Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A).

It is further recommended that Petitioner's request to stay the federal habeas proceeding
pending exhaustion of state court remedies (Doc. # 2) be DENIED as moot.

Signed this 26th day of May, 2010.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.